UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

NFR, LLC, *et al.*,

                              Plaintiffs,

v.                                                    Action No. 3:15-CV-367

CORIZON HEALTH, INC.,

                                Defendant.

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Transfer ("Motion") filed by Corizon Health, Inc. ("Defendant"). ECF No. 3. Defendant seeks to transfer this case to the Tallahassee Division of the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. 1404(a). Plaintiffs NFR, LLC/d/b/a Nursefinders of Richmond, NFNN, LLC d/b/a Nursefinders of Newport News, NFC. LLC d/b/a Nursefinders of Charlottesville, NFRO, LLC d/b/a Nursefinders of Roanoke, ("the Virginia Plaintiffs"), NFSC, LLC d/b/a Nursefinders, Nursefinders of Jacksonville, LLC, Nursefinders of Pensacola, LLC, Nursefinders of Tampa, LLC, Nursefinders of Northern Florida, LLC ("the Florida Plaintiffs") (collectively, "Plaintiffs") oppose the Motion. For the reasons stated below, the Court will DENY Defendant's Motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 20, 2015, Plaintiffs filed a Complaint against Defendant in Chesterfield County, Virginia Circuit Court, seeking $198, 432 in compensatory damages on the grounds that Defendant allegedly breached its contract with Plaintiffs. Subsequently, Defendant removed the case to this Court. ECF No. 1. On July 6, 2015, Defendant filed the instant Motion. Plaintiffs filed a response on July 17, 2015. Defendants filed a reply on July 23, 2015.

Plaintiffs are all limited liability companies. Plaintiffs admitted, by stipulation, that "all of the members of each plaintiff entity are citizens of either Virginia or Florida." ECF No. 1 Ex.

1

B ("Pls.' Stipulation") ¶ 4. Defendant is a Delaware corporation with its principal place of business in Brentwood, Tennessee. ECF No. 1, Ex. C ("Def.'s Stipulation") ¶¶ 3-4.

Plaintiffs are a group of health care professional staffing companies in Virginia and Florida. Specifically, they are in the business of employing nurses and other health care professionals for temporary placement at its customers' facilities. Defendant is a private correctional healthcare provider, which provides health care services to 110 locations in Florida. On April 30, 2013, the parties entered into an agreement whereby Plaintiffs would provide nursing professionals to Defendant on a temporary basis (the "April Agreement"). The April Agreement identified all Plaintiffs and Defendant as parties to the contract and was signed by Grace Perkinson ("Ms. Perkinson"), whose title is "Area Director," and Stuart Campbell, who is COO of Defendant. The April Agreement provides for: (i) payment of invoices on a net 45 basis; (ii) the assessment of interest at the rate of one and one-half percent (1.5%) per month on all amounts not paid within thirty (30) days; and (iii) reasonable attorney's fees for the cost of collection. Further, the April Agreement gave Defendant the option of permanently hiring Plaintiffs' nurses at a fee of 30% of the nurse's annual salary ("buy-out fee").

In mid-August 2013, the parties began negotiating a separate agreement for nurse staffing in Florida ("the Florida Agreement"). On August 12, 2013, Defendant requested language for the Florida Agreement providing a 30-day grace period from the time Defendant transitioned into a Florida correctional facility during which Defendant would not incur a buy-out fee if it hired any nurses from Plaintiffs. The proposed language is as follows:

> Once Corizon transition[s] into each Florida DOC facility, there will exist a 30 day grace period for all current staff and disciplines listed on Exhibit-B (Bill Rates) in which Corizon can hire staff personnel directly and incur no buyout fees. After the 30 day grace period is elapsed the conversion fee of 30% of the employees' annual salary will apply.

Complaint ("Compl.") ¶ 22. The Florida Agreement contains the 30-day grace period. On August 21, 2014, Ms. Perkinson, on behalf of the Florida Plaintiffs executed the Florida

Agreement. The Florida Plaintiffs, but not the Virginia Plaintiffs, are parties to the Florida Agreement. The Florida Agreement, which Defendant received from the Florida Plaintiffs, also contained a separate, appended Business Associate Contract. *See* Complaint ("Compl.") ¶ 24. The signatory for Defendant mistakenly believed that the appended document contained the sole signature block for the Florida Agreement and the Business Associate Contract. On September 6, 2013, Defendant's signatory executed that signature block and returned it to the Florida Plaintiffs "believing and intending that he had executed the Florida Agreement with his signature." Defendant's Memorandum In Support of Motion to Transfer by Corizon Health, Inc. ("Def.'s Mem.") at 3 n.2. Thus, Defendant returned a signed copy of the related Business Associate Contract but did not provide a signed copy of the Florida Agreement from Defendant. On September 6, 2013, Plaintiffs responded to Defendant's earlier email, which requested the inclusion of the 30-day grace period language. Plaintiffs' response via email reads as follows:

> I will have my legal department review the additional verbiage for this contract; I will get it back as soon as possible. I do have a concern. In my Tallahassee Branch I have been told from my manager there, that Corizon is hiring all Nursefinder nurses and this contract has not been signed yet. In this contract we gave you a 30day grace period to start after contract has been signed. I need some clarification on this matter. Please advise.

Compl. ¶ 23.

Subsequently, Defendant hired fourteen (14) of the eighteen (18) nurses to work at correctional facilities in Florida. Plaintiffs alleged that Plaintiffs "supplied its nursing personnel to [Defendant] pursuant to the April Agreement. . . . [and Defendant] hired [Plaintiffs'] nursing personnel on a permanent basis for employment, entitling [Plaintiffs] to the agreed-upon Placement Fee." *Id.*¶¶ 36-37.[1] Plaintiffs further allege that they submitted invoices to Defendant for placement fees owed and Defendant has failed to timely pay the balance. *Id.* ¶ 39.

---

[1] Defendant argues that Plaintiffs "do not and cannot allege that any of the nurses [Defendant] hired to work in Florida were either employed by any of the Virginia [Plaintiffs], or working or located in Virginia at the time [Defendant] hired them." Defendant's Memorandum In Support of Motion to

3

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The decision whether to transfer an action under the statute is committed to the sound discretion of the district court." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 668 (E.D. Va. 2010) (citing *One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F. Supp. 2d 824, 828 (E.D. Va. 2004)). District courts determining whether to grant a motion to transfer under § 1404(a) to a transferee forum where the action could initially have been brought "typically consider[]: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." *Id.* (citing *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007)). "The movant bears the burden of showing that transfer is proper." *JTH Tax*, 482 F. Supp. 3d at 736 (citing *Cognitronics Imaging Sys. v. Recognition Research, Inc.*, 83 F. Supp. 2d 689, 696 (E.D. Va. 2000)). The party seeking transfer bears the burden of proving "that the circumstances of the case are *strongly* in favor of transfer." *Jones v. Frazier*, No. 1:09cv513, 2009 WL 2601255, at *8 (E.D. Va. Aug. 18, 2009) (emphasis added). "In considering a motion for intra-district transfer, [courts] generally look to the same factors relevant to motions for change of venue under 28 U.S.C. § 1404(a)." *C.T. v. Liberal Sch. Dist.*, No. 06-2093-JWL, 2008 WL 489330, at *1 (D. Kan. Feb. 20, 2008).

## III. PARTIES' ARGUMENTS

### a. Defendant

Defendant argues that each prong of the test for transfer pursuant to section 1404(a) is satisfied in this case. Defendant asserts that this action initially could have been brought in the

---

Transfer by Corizon Health, Inc. ("Def.'s Mem.") at 4. Further, Defendant argues that "Plaintiffs also do not appear to allege that [Defendant] hired any of the eighteen nurses outside of the 30-day grace period." *Id.*

4

Tallahassee Division of Northern District of Florida because Plaintiffs' breach of contract claim arises from actions occurring in Florida, and because Defendant—by virtue of allegedly contracting with Florida to provide healthcare services to Florida's correctional facilities and hiring eighteen (18) nurses without paying buy-out fees—is subject to personal jurisdiction in the transferee forum. Second, Defendant acknowledges that a plaintiff's choice of forum is entitled to deference, but argues that, here, Plaintiffs' choice of forum in Virginia is not entitled to any weight because the breach of contract claim has a weak connection to the forum. Defendant argues that Plaintiffs cannot establish that the cause of action has a "legitimate connection to the district" because of the following reasons: (1) the activity giving rise to Plaintiffs' claims all occurred in Florida; (2) none of the Virginia Plaintiffs are parties to the Florida Agreement; (3) and none of the nurses hired by Defendant worked at any of the Virginia Plaintiffs. Def.'s Mem. at 8 (quoting *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 995 (E.D. Va. 2011)). Thus, Defendant argues that given the claim's weak connection to Virginia, this Court should not give this factor any weight.

Next, Defendant argues that transfer to the Tallahassee Division of the Northern District of Florida is warranted because the transferee forum is more convenient for the parties and is where the overwhelming majority of witnesses reside. Defendant asserts that convenience of the parties weighs heavily in favor of transfer because none of the Virginia Plaintiffs are parties to the Florida Agreement while the Florida Plaintiffs are indeed parties to the Florida Agreement. Defendant additionally asserts that "hard copy documents are . . . located at [Defendant's] facilities in Florida." *Id.* Furthermore, Defendant argues that the convenience to non-party witnesses favors transfer because approximately twenty (20) critical witnesses for Defendant are located in or near Florida. These non-party witnesses include eighteen nurses that Defendant hired from the Florida Plaintiffs, with sixteen of them residing in Florida. Defendant asserts that the non-party witnesses are a source of testimony evidence as they "can testify to the date

that [Defendant] hired them and the correctional facility where Defendant assigned them which may be dispositive as to whether [Defendant] is liable under the Florida Agreement." *Id.* at 9 (citing Courtney Decl. ¶¶ 4, 6-8). According to Defendant, the non-party witnesses include various executives of Defendant, who will testify regarding Defendant's contract discussions with Plaintiffs, the staffing of the correctional facilities in Florida, and the lack of any complaints of invoices from Plaintiffs until months after the nurses were hired. *Id.* According to Defendant, because the vast majority of evidence and witnesses are located in or near the transferee forum, the costs of attending trial in the Northern District of Florida would be minimal from both a time and cost perspective. Further, Defendant argues that if this case proceeds in this Court, it is likely that neither party would be able to compel the attendance of the Florida witnesses at trial because the subpoena power granted under Federal Rule of Civil Procedure 45(c)(1) does not extend to witnesses who live or work over 100 miles from the Eastern District of Virginia. Finally, Defendant asserts that the interest of justice strongly favors transferring this action to the Northern District of Florida because the transferee forum has a strong, legitimate, and localized interest in the case.

For all these reasons, Defendant argues that transfer to the Tallahassee Division of the Northern District of Florida is appropriate pursuant to 28 U.S.C. § 1404(a).

### b. Plaintiffs' Opposition

Plaintiffs only take issue with whether Defendant satisfies its burden to show that the circumstances of the case "are strongly in favor of transfer." Plaintiffs' Memorandum in Opposition to Corizon Health, Inc.'s Motion to Transfer ("Pls.' Opp'n.") at 3. They note that their choice of forum should be accorded deference and argue that such deference should be substantial in light of the fact that this action was filed in their home forum. Say Plaintiffs, "The April Agreement, as well as the Florida Agreement, were discussed and negotiated *exclusively*

6

between Grace Perkinson for Nursefinders in Virginia[2] and Ms. Christina Ray on behalf of [Defendant]." *Id.* at 3 (emphasis in original). Moreover, Plaintiffs argue that Defendant's Motion is not well-grounded because "when and where the individual nurses were hired by Defendant in Florida is not expected to be in dispute." *Id.* at 1. Instead, they argue that "this case turns entirely on what the respective corporate entities agreed to as the "operative" contract." *Id.*

Next, as to the convenience of the parties, Plaintiffs argue Virginia is clearly a more convenient forum for Plaintiffs because it is the forum in which all its operations are managed and where Ms. Perkinson is located. Plaintiffs argue that transfer is not appropriate where it would merely shift the burden from Defendant to Plaintiffs. Additionally, Plaintiffs acknowledges that the convenience of witnesses is an important factor in the transfer calculus and correctly notes that convenience to non-party witnesses is afforded greater weight than convenience of party witnesses. In sum, Plaintiffs essentially argue that the relevance of each potential witness and the importance of their live testimony should be considered by the Court. Finally, with respect to the interests of justice, Plaintiffs argue that this Court has an interest in providing a forum for its residents, that this District will resolve this action much more quickly than the transferee forum will, and that the choice of law consideration weighs in favor or maintaining the case in this Court. Specifically, they argue that, although several of the Florida Plaintiffs are incorporated in Florida, they are operated out of the office of BK Development in Midlothian, Virginia, and thus are entitled to treatment as a local business.

For all these reasons, Plaintiffs assert that Defendant fails to meet its burden to show that the circumstances of this case strongly favor transfer.

---

2 Contrary to Plaintiffs' assertion that Ms. Perkinson negotiated the Florida Agreement on behalf of all the Plaintiffs, the names of the parties explicitly listed in that agreement are only those of the Florida Plaintiffs. *See* Def.'s Mem. Ex. 2 at 4.

## IV. ANALYSIS

In assessing the relevant factors under 28 U.S.C. § 1404(a), the Count will now determine whether Defendant meets its burden of proving "that the circumstances of the case are *strongly* in favor of transfer." *Heinz*, 750 F. Supp. 2d at 667 (quoting *Jones v. Frazier*, No. 1:09cv513, 2009 WL 2601355, at 8 (E.D. Va. Aug. 18, 2009) (emphasis added).

### a. Transferee Forum as Initial Forum

Transfer is appropriate in those districts where the plaintiff could have properly filed the action initially. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960). The record indicates and the parties do not dispute that this action could have been brought in the Tallahassee Division of the Northern District of Florida.

### b. Plaintiffs' Choice of Forum

A plaintiff's choice of forum is entitled to "'substantial weight, especially where the chosen forum is the plaintiff's home forum or bears a substantial relation to the cause of action." *Heinz*, 750 F. Supp. 2d at 667 (citing *Koh v. Microtek Int 7, Inc.*, 250 F. Supp. 2d 627, 633 (E.D. Va. 2003)). This choice may "be overcome only when the private and public interest factors clearly point toward trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). However, the actual weight given to a plaintiff's choice varies considerably "in proportion to the connection between the forum and the cause of action." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999). The weight given to the plaintiff's initial choice is diminished when the operative facts of the case have little relation to the chosen forum. *Bd. of Trs. V. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473 (E.D. Va. 2007); *see also GTE Wireless*, 71 F. Supp. 2d at 519 ("When a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to such substantial weight.") (citing *Verosol B.V. v. Hunter Douglas Inc.*, 806 F. Supp. 582, 589 (E.D. Va. 1992).

Plaintiffs' entities are either located in Virginia (corporately) or managed in Virginia. Therefore, Plaintiffs chose their home forum. As such, substantial deference is accorded to said choice. Pursuant to the claims and allegations in the Complaint, the primary legal issue in the instant case is which of the two contracts was operative at the time of the alleged breach of contract. Indeed, both agreements were negotiated by Ms. Perkinson, who was located in Virginia.

    c. **Convenience of the Parties and Non-Party Witnesses**

        1. <u>Convenience to the Parties</u>

In assessing this factor, courts generally consider "ease of access to sources of proof, the cost of obtaining the attendance of witnesses, and the availability of compulsory process." *Samsung*, 386 F. Supp. 2d at 717 n.13. Convenience to parties alone will rarely justify transfer, particularly where transfer would merely "'shift the balance of inconvenience' from defendant to plaintiff." *Baylor*, 702 F. Supp. at 1258 (quoting *Eastern Scientific Marketing v. Tekna-Seal Corp.*, 696 F. Supp. 173, 180 (E.D. Va. 1988)). However, "it is the 'balance' of convenience which is in question," and courts must determine whether the total convenience of the parties favors transfer. *Medicenters of Am., Inc. v. T & V Realty & Equip. Corp.*, 371 F. Supp. 1180, 1184 (E.D. Va. 1974) (citing *Nizin v. Bright*, 342 F. Supp. 489 (S.D.N.Y. 1971)).

Plaintiffs argue that transfer would merely shift inconvenience to them from Defendant. The Court agrees with Plaintiffs in this regard. Virginia would clearly be more convenient for Plaintiffs. However, transferring the case to Florida would simply flip the convenience of the parties in favor of Defendant. In conclusion, Defendant has not established a strong reason to transfer as to this factor.

        2. <u>Non-Party Witness Convenience</u>

Witness convenience is of "considerable importance" in determining whether a transfer pursuant to section 1404(a) is appropriate. *Samsung*, 386 F. Supp. at 718. "The party

asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *comScore, Inc. v. Integral Ad Sci., Inc.*, 924 F. Supp. 2d 677, 688 (E.D. Va. 2013) (quoting *Samsung*, 386 F. Supp. 2d at 718). "Additionally, the moving party must demonstrate 'whether that witness is willing to travel to a foreign jurisdiction.'" *Id.* at 719 (quoting *Thayer/Patricof Educ. Funding, LLC v. Pryor Res., Inc.,* 196 F. Supp. 2d 21, 33 (D.D.C. 2002)).

Defendant correctly notes that, in assessing this factor, courts draw a distinction between party witnesses and non-party witnesses, giving less weight to inconvenience imposed on party-witnesses. *See* Def.'s Reply at 7. Defendant identifies eighteen (18) nurses (who were hired out of temporary to permanent status, all of whom live in or near Florida) as potential witnesses. However, the relevant information regarding these nurses is if and when they were hired by Defendant as permanent nurses and at what annual salary. All of that relevant information would likely be available in documentary form in the files of Defendant. Therefore, this factor weighs in favor of Plaintiff.

    d.  **Interests of Justice**

In evaluating whether the interest of justice weighs in favor of transfer, the Court looks to "the public interest factors aimed at systemic integrity and fairness." *Heinz Kettler*, 750 F. Supp. 2d at 669-70 (quoting *Byerson v. Equifax Info. Servs.*, LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006)). "The most prominent elements of systemic integrity are judicial economy and the avoidance of inconsistent judgments." *Id.* Similarly, "[f]airness is assessed by considering factors such as docket congestion, the interest in having local controversies decided at home, knowledge of applicable law, unfairness with burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.*

This factor is a wash for several reasons. The Federal Courts in both Virginia and

Florida are quite capable of applying the appropriate states' contract law and resolving the case efficiently.

## V. CONCLUSION

Given the deference due to Plaintiffs' choice of forum and Defendant's failure to persuade the Court that the relevant factors "strongly favor" transfer, the Motion to Transfer will be DENIED.   ECF No. 3.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.   An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this   17th   day of August 2015.